# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. A-08-CR-337(10) LY |
| | § | |
| EDDY KAHOOKELE | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on June 26, 2012, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On June 11, 2009. Judge Yeakel sentenced the Defendant 60 months term of imprisonment, followed by three years of supervised release, for the offense of possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The Defendant began supervision on March 30, 2012.

The Defendant's initial adjustment to supervision went well, as he found both a stable residence and employment. However, in May 2012, the Defendant "fell of the wagon" and quickly incurred three violations of his supervised release. Specifically, on May 7, 2012, at his regular

supervision meeting, the Defendant admitted to having smoked crack cocaine. No action was taken at that time, and the Defendant was enrolled in substance abuse counseling services. Then, on May 12, 2012, the Defendant was arrested by Austin Police and charged with public intoxication. Compounding the problem, the Defendant failed to report this arrest to his probation officer, and only conceded it had occurred when he was confronted about it by his probation officer on May 24, 2012. Finally, the Defendant was scheduled to provide a urine specimen on May 24, 2012, and failed to do so. Based on this, on June 1, 2012, the probation office submitted its petition and on June 4, 2012, the undersigned authorized the issuance of a warrant. The Defendant was arrested on the warrant on June 12, 2012.

On June 26, 2012, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II.  FINDINGS OF THE COURT

1.  The Defendant was competent to make the decision to plead true to the petition.

2.  The Defendant had both a factual and rational understanding of the proceedings against him.

3.  The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4.  The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14. The Defendant violated conditions of his supervised release by: (1) failing to abstain from the use of alcohol; (2) committing the state law offense of public intoxication; and (3) failing to report the arrest to his probation officer.

### III. RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release term be REVOKED.

The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is VI, resulting in an (advisory) guideline range of 8 to 14 months of imprisonment. Because this is the Defendant's first appearance before a court since his supervision commenced, and because all of these violations stem from substance abuse issues, the Court believes that the violations to date mandate a lesser sanction than these guidelines provide. Accordingly, the undersigned RECOMMENDS that the Defendant be sentenced to three months of imprisonment, with 24 months of supervised release to follow. The Court further RECOMMENDS that the Defendant's conditions of supervision be modified to include the following condition:

1. Upon release from confinement, the defendant shall reside in a Community Corrections Center for a period determined by the Probation Office, but not less than 90 days. Further, once employed, the defendant shall pay 25% of his/her weekly gross income for his/her subsistence as long as that amount does not exceed the daily contract rate.

In the event the District Judge adopts this recommendation, the Defendant will have been given a second chance. As mentioned at the hearing, if the Defendant is unsuccessful on this second term of supervision, the Court will have no choice but to enforce its orders with more serious sanctions. To be successful, the Defendant will have to obtain stable employment, address his substance abuse problems, and—most importantly—not associate with the friends and family members who encourage the Defendant to stray from sobriety. The Defendant stated at the hearing that he believes he both can and will do all of these things. While the statement is of some value, the Defendant's actions will be what matters, and what will be necessary for him to succeed.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of June, 2012.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE